UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CRONE,<br><br>            Plaintiff,<br><br>     v.<br><br>TRACY UNIFIED SCHOOL DISTRICT and BRIAN STEPHENS, an individual,<br><br>            Defendants. | No. 2:20-cv-01451-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant Brian Stephens' ("Defendant") Motion to Dismiss for failure to state a claim upon which relief can be granted.  Mot. to Dismiss ("Mot."), ECF No. 7.  Christopher Crone ("Plaintiff") filed an opposition to Defendant's motion, Opp'n, ECF No. 10, to which Defendant replied, Reply, ECF No. 11.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Dismiss.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 24, 2020.

1

I. BACKGROUND

Plaintiff Christopher Crone filed suit against the Tracy Unified School District ("TUSD") and its Superintendent Brian Stephens following termination of his job as TUSD's special education director. First Amended Compl. ("FAC") ¶ 1, ECF No. 6. Plaintiff was hired as the District's special education director in November 2018 and was terminated in September 2019. FAC ¶ 7. Plaintiff alleges he was terminated in retaliation for his advocacy on behalf of special education students, particularly minority students and students with disabilities. FAC ¶¶ 1, 16-18.

Plaintiff brings only one claim against Stephens for violation of California Labor Code Section 1102.5. FAC ¶¶ 34-38. Stephens seeks dismissal of this lone claim against him. See Mot.

II. OPINION

A. Legal Standard

A Rule 12(b)(6) motion attacks the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relied that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Dismissal is proper where there is no cognizable legal theory or insufficient facts supporting a claim entitling the plaintiff to relief. Hinds Invs., L.P. v. Angiolo, 654 F.3d 846, 850 (9th Cir. 2011).

2

B. <u>Analysis</u>

Defendant argues Plaintiff has failed to state a claim for relief because California Labor Code Section 1102.5 precludes individual liability. Mot. at 4-5. Section 1102.5, which prohibits retaliation against employees for whistleblowing, provides in relevant part:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b). The statute was amended, effective January 1, 2014, to include the addition of "or any person acting on behalf of the employer" instead of referring solely to "[a]n employer." Id. Since the 2014 amendment, federal courts predicting how state courts would decide the issue of individual liability post-amendment have concluded that section 1102.5 does not impose individual liability. See, e.g., <u>Tillery v. Lollis</u>, No. 1:14-CV-02025-KJM, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) (after extensive review of the legislative history and pertinent caselaw, dismissing individual supervisors from the plaintiff's section 1102.5 claim); <u>Toranto v. Jaffurs</u>, 297 F.Supp.3d 1073, 1105 (S.D. Cal. 2018) (granting motion to dismiss section 1102.5 claim brought against an individual defendant);

3

1  United States ex rel. Lupo v. Quality Assurance Servs., Inc.,
2  242 F.Supp.3d 1020, 1030 (S.D. Cal. 2017) (dismissing individual
3  defendants from section 1102.5 claim).  This Court, too, in
4  Bales v. County of El Dorado explicitly found that "section
5  1102.5 does not impose individual liability."  No. 2:18-cv-
6  01714-JAM-DB, 2018 WL 4558235, at *3 (E.D. Cal. Sept. 20, 2018).
7       In Bales, the plaintiff sued her supervisor at the Public
8  Defenders' Office for retaliatory termination in violation of
9  Section 1102.5.  2018 WL 4558235, at *1.  The defendant
10 supervisor moved to dismiss, arguing, as Defendant Stephens does
11 here, that Section 1102.5 precludes individual liability.  Id.
12 In opposition, the Bales plaintiff made almost identical
13 arguments to the ones Plaintiff now makes, insisting the plain
14 language of the amended Section 1102.5 provides for individual
15 liability.  Id.  at *2. This Court squarely rejected plaintiff's
16 arguments in Bales, instead following Judge Mueller's extensive
17 analysis in Tillery and dismissing plaintiff's claim against her
18 supervisor with prejudice.  Id. at *2-3.
19    Here, Plaintiff does not dispute the clear holdings of
20 Bales and Tillery that Section 1102.5 precludes individual
21 liability.  See Opp'n at 4.  Instead, Plaintiff appears to ask
22 this Court to reconsider its analysis in Bales and Judge
23 Mueller's analysis in Tillery.  Id. at 4-5.  But, Plaintiff has
24 not provided the Court with any compelling reason to do so.
25 Plaintiff has not presented any intervening caselaw since Bales
26 in support of his position.  Nor has Plaintiff made any arguments
27 that the Bales plaintiff did not already make and consequently
28 that this Court did not already reject.  Therefore, this Court

4

finds no reason to revisit Bales.

Because a claim under Section 1102.5 cannot be brought against an individual, Plaintiff's claim against Defendant Stephens fails as a matter of law.

### C. Leave to Amend

The Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006). Because this Court once again finds that Section 1102.5 precludes individual liability, amendment would be futile. Accordingly, dismissal with prejudice is appropriate.

## III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

IT IS SO ORDERED.

Dated: December 7, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5